```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


KEVIN MAURICE HARGRAVE,        )
                               )
               Petitioner,     )
                               )
          v.                   )    1:10CV986
                               )
ROBERT E. LEWIS,               )
                               )
               Respondent.     )
```

**MEMORANDUM OPINION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**Auld, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On May 1, 2008, in the Cabarrus County Superior Court, Petitioner was convicted after a trial by jury of giving a false name to a law enforcement officer, selling cocaine, driving while his license was suspended or revoked, delivering cocaine, possessing cocaine with intent to sell or deliver, and attaining the status of a habitual felon in cases 07 CRS 54076 and 08 CRS 1810. (Docket Entry 5, Ex. 1 at 22-27.) Judgment was arrested on the delivering cocaine conviction, the rest of the convictions were consolidated, and Petitioner was given a single sentence of 120 to 153 months of imprisonment. (Id. at 31.)

Petitioner did pursue a direct appeal, but the judgment was upheld. State v. Hargrave, 198 N.C. App. 579, 680 S.E.2d 254 (2009). As a result of collateral review in the state court system, the North Carolina Court of Appeals remanded in part.

(Docket Entry 1 at 68.)  On remand, the state trial court vacated Petitioner's convictions for driving while his license was revoked and giving fictitious information to a law enforcement officer, but his other convictions and his sentence remained in place.  (Id. at 23-25.)  Petitioner also sought review of the North Carolina Court of Appeals' limited remand, but the North Carolina Supreme Court dismissed that petition.  (Docket Entry 5, Ex. 5.)

On December 7, 2010, Petitioner mailed his Habeas Petition to the United States District Court for the Eastern District of North Carolina, which transferred the matter here.  (See Docket Entry 1 at 14, 88.)  Respondent has now filed a motion for summary judgment seeking to have the Petition denied.  (Docket Entry 4.)  Petitioner has filed a response (Docket Entry 7) and Respondent's motion is now ready for decision.[1]

## **Claims**

The Petition raises the following three claims for relief:

1) Petitioner's habitual felon indictment was defective because it did not allege a principal offense, but instead only listed prior convictions (Docket Entry 1 at 5);

2) Petitioner received ineffective assistance of counsel because his attorney "failed to study the record and object to erroneous documents" and did not advise him about the effect of an unidentified statute on his sentence (id. at 6); and

---

[1] The parties have consented to disposition of this case by a United States Magistrate Judge.  (Docket Entry 9.)

3) Petitioner's sentence was in the aggravated range of sentences even though his judgment stated that his sentence was in the presumptive range (id. at 8.)

### **Facts**

The facts of the case, as set out by the North Carolina Court of Appeals on direct appeal, are as follows:

> The State's evidence tended to show that either shortly before midnight on 30 November 2007 or shortly after midnight on 1 December 2007, Peter Paul Bruno ("Mr.Bruno") contacted defendant to buy cocaine. The two men met at approximately 12:50 a.m. in the parking lot of Bethpage Grocery, which was closed. Defendant's and Mr. Bruno's cars were the only vehicles in the lot, and the two men sat and talked prior to completing their transaction. Mr. Bruno gave defendant fifty dollars in exchange for at least two crack rocks. Deputy D.L. Logan ("Deputy Logan") spotted the two cars parked side by side and became suspicious when he saw Mr. Bruno either exit from or lean into the passenger's side of defendant's car. Upon further investigation, Deputy Logan spotted cocaine in Mr. Bruno's car. At this point, Deputy Logan called for back up, which arrived shortly thereafter and included Sergeant M.T. Grier ("Sergeant Grier") and Officer Brent Rowland ("Officer Rowland"). Mr. Bruno admitted to Deputy Logan that he was there to buy cocaine from defendant and that he had paid defendant with two twenty-dollar bills and two five-dollar bills in exchange for the cocaine.
>
> Deputy Logan's attention then turned to defendant, who appeared nervous and whose "hands [were] shaking." Defendant then lied to Deputy Logan about his name because his license was revoked. Deputy Logan found $551 on defendant, which was all neatly bundled except for two twenty-dollar bills and two five-dollar bills. This corroborated Mr. Bruno's statement that he had just completed a drug sale with defendant. Shortly thereafter, Officer Rowland spotted a baggie containing smaller baggies of cocaine on the ground outside the front driver's side door of defendant's car. Defendant was then arrested. A subsequent chemical analysis performed by

>Misty Icard ("Ms.Icard") of the SBI determined that the substances found near defendant's car and those found in Mr. Bruno's car were cocaine base.

Hargrave, 198 N.C. App. at 581-82, 680 S.E.2d at 257.

## Standards of Review

Where a petitioner's claims were adjudicated by the state courts on their merits, this Court must apply 28 U.S.C. § 2254(d), which precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was "contrary to" or "involve[d] an unreasonable application" of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an "unreasonable" determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-11. As for questions of fact,

state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

These standards apply even where the state court does not cite to federal law or explain its reasoning. Early v. Packer, 537 U.S. 3, 8 (2002) (ruling that state court need not cite relevant Supreme Court cases for decision to merit deference); Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir. 2000) ("In this case, the North Carolina state court did not articulate the rationale underlying its rejection of [the petitioner's] Sixth Amendment claim. However, we may not presume that the summary order is indicative of a cursory or haphazard review of the petitioner's claims. Rather, the state court decision is no less an adjudication of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." (internal brackets and quotation marks omitted)).

Here, Petitioner's first and second claims were raised and adjudicated in his motion for appropriate relief. Therefore, the standards set out above apply to those claims. Petitioner appears not to have raised his third claim in the state courts at all, which renders § 2254(d)'s review standards inapplicable, but also creates a different set of problems with that claim.

## Discussion

Petitioner's first claim for relief asserts that his indictment was defective because it did not set out a principal offense. The indictment did not charge any offense that Petitioner committed near to the time of the indictment, but only alleged that he was a habitual felon and then set out the three prior

-5-

convictions which supported that allegation. Petitioner claims that this rendered the indictment defective and deprived the trial court of jurisdiction.

Claims of defective indictments based solely on interpretations of state law do not support habeas relief unless they are so egregious as to render the entire proceeding fundamentally unfair. Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998). A claim can also arise under federal due process principles because, as the United States Court of Appeals for the Fourth Circuit has explained:

> "[e]lementary principles of due process require that an accused be informed of the specific charge against him," [Hartman v. Lee,] 283 F.3d [190,] 194 [4th Cir. 2002] (citing Cole v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514, 92 L.Ed. 644 (1948)), and that "'[a] person's right to reasonable notice of a charge against him ... [is] basic in our system of jurisprudence,'" id. (quoting In re Oliver, 333 U.S. 257, 273, 68 S.Ct. 499, 92 L.Ed. 682 (1948)). Reasonable notice "sufficiently apprises the defendant of what he must be prepared to meet." Russell v. United States, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) (internal quotation marks omitted) (evaluating indictment). It has long been "fundamental in the law of criminal procedure ... that the accused must be apprised ... with reasonable certainty ... of the nature of the accusation against him, to the end that he may prepare his defence." United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819 (1878) (evaluating indictment).

Stroud v. Polk, 466 F.3d 291, 296 (4th Cir. 2006).

Here, the habitual felon indictment in 08 CRS 1810 put Petitioner on notice that he was being prosecuted as a habitual felon and listed the three prior convictions upon which this allegation was based. The separate indictment in case 07 CRS 54076 gave him notice as to the predicate offenses. As the motion for

-6-

appropriate relief court pointed out (Docket Entry 1 at 85-86), this dual indictment procedure is exactly the one envisioned by North Carolina's habitual felon laws. See N.C. Gen. Stat. § 14-7.3; State v. Cheek, 339 N.C. 725, 728, 453 S.E.2d 862, 863 (1995). Petitioner has not shown an error under state law, much less anything that could constitute fundamental unfairness.

As for a possible due process violation, Petitioner does not, and could not with any seriousness, claim any lack of notice as to the charges he was facing. He points to no prejudice to his defense and no possible confusion about his charges. The indictments used made him fully aware of the nature of the habitual felon prosecution. Petitioner thus cannot establish a due process violation. This claim is denied because the state courts' handling of this claim was not contrary to, or an unreasonable interpretation of, Supreme Court precedent.

Petitioner's second claim for relief asserts that he received ineffective assistance of counsel because his attorney did not study the record, did not object to erroneous documents, and did not advise him of the effect that an unidentified statute would have on proceedings. To prove ineffective assistance of counsel, Petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668 (1984). Unsupported, conclusory allegations do not entitle Petitioner to even a hearing. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on

other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

As set out in the Petition, this claim is entirely conclusory and could be dismissed for that reason alone. Even interpreted in light of the ineffective assistance of counsel claim raised by Petitioner in his motion for appropriate relief, his current claim still lacks merit. In his motion for appropriate relief, Petitioner argued that counsel was ineffective for failing to object to the habitual felon indictment based on the reasoning underlying his first claim for relief. As already explained, the indictment was not defective under state or federal law. Therefore, his attorney had no basis to make a valid objection and could not have prejudiced Petitioner by failing to make a frivolous objection. The motion for appropriate relief court specifically noted this fact in its rejection of the ineffective assistance claim. (Docket Entry 1 at 85-86.) That denial was not contrary to, or an unreasonable application of, Strickland or any other Supreme Court precedent. Petitioner's second claim for relief is denied.

Petitioner's third claim for relief alleges that he was sentenced in the aggravated sentencing range even though his judgment states that he was given a sentence in the presumptive sentencing range. As noted earlier, Petitioner did not raise this claim in the state courts, which means he did not exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). In order to exhaust his state court remedies, a petitioner must allow "the

State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights" by "fairly present[ing] his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim." Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010) (internal quotation marks and ellipses omitted) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). He also "must raise his claim before every available state court, including those courts . . . whose review is discretionary." Id. at 713 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999)).

Not only is the third claim unexhausted, it is also procedurally barred because, if Petitioner returned to the state courts to exhaust the claim through another motion for appropriate relief, he would face mandatory imposition of the procedural bar under N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), and (b). See Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (noting that § 15A-1419 procedural bars became mandatory in 1996). Where, as here, a habeas petitioner would find his nonexhausted claim subject to a mandatory procedural bar if he returned to state court for exhaustion, the claim is barred from federal habeas review. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), for proposition that unexhausted claims are barred from federal review if, upon return to state courts, those courts would find claims procedurally barred).

In light of this procedural bar, Petitioner must demonstrate either cause and prejudice for his procedural default or must establish that this Court's refusal to address his claim will result in a miscarriage of justice. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004). Petitioner has made no argument on this point and no grounds for excusing the default appear in the record. In fact, the record clearly reflects that Petitioner was sentenced in the presumptive range for his convictions just as the judgment states. Petitioner's habitual felon conviction was a Class C felony under North Carolina law. N.C. Gen. Stat. § 14-7.6. Given his prior record level of IV, at the time of Petitioner's sentencing, the possible range of presumptive minimum sentences was 107 to 133 months. N.C. Gen. Stat. § 15A-1340.17(c)(2007).[2] Petitioner received a minimum term of 120 months of imprisonment, which falls solidly in the middle of that range. The Court also set the appropriate corresponding maximum sentence of 153 months under N.C. Gen. Stat. § 15A-1340(e)(2007). Petitioner thus cannot demonstrate prejudice or a miscarriage of justice, which means that his claim is procedurally barred. Alternatively, the claim lacks merit. The claim is denied for the foregoing reasons.

As a final matter, although Petitioner has not made a formal motion for appointment of counsel or for an evidentiary hearing, he has requested both in his response brief. (Docket Entry 7 at 3-4.)

---

[2] This range was later revised downward effective December 1, 2009. See N.C. Gen. Stat. § 15A-1340.17(c) (2009).

Because all of his claims lack merit, no appointment of counsel or evidentiary hearing is necessary.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment (Docket Entry 4) is granted, that the Habeas Petition (Docket Entry 1) is denied, and that Judgment will be entered contemporaneously with this Memorandum Opinion and Order dismissing this action.

                                    /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                            **United States Magistrate Judge**

October 4, 2011